IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DANA AUSTIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 18-00202-KD-N |
| ) | |
| NEW HORIZONS CREDIT UNION, and ) | |
| JANE DOE, ) | |
| ) | |
| Defendants. ) | |

### ORDER

This action is before the Court on Plaintiffs' Motion to Remand (doc. 16). Upon consideration and for the reasons set forth herein the motion is DENIED on the basis that the Court lack jurisdiction. However, the action is remanded *sua sponte* pursuant to the Court's decision to decline to exercise supplemental jurisdiction over Plaintiff Dana Austin's claims against Jane Doe. Accordingly, the Clerk is directed to REMAND this action to the Circuit Court of Mobile County, Alabama.

A. Procedural Background

Plaintiff file a complaint against Defendant New Horizons Credit Union and Jane Doe. Plaintiff alleged that her $5,241.00 income tax refund for 2016 had been electronically deposited into Jane Doe's account instead of Plaintiff's account. Plaintiff alleged that New Horizons failed to comply with the error resolution provisions of the Electronic Funds Transfer Act, 15 U.S.C. § 1693f, and thus was civilly liable pursuant to 15 U.S.C. § 1963m (Count One). Plaintiff also claimed negligence against New Horizons (Count Four). With respect to Jane Doe, Plaintiff

alleged claims for conversion and unjust enrichment (Counts Two and Three). Plaintiff alleges that Doe closed her credit union account soon after the incorrect deposit and kept the $5,241.00.

New Horizons removed the action to this Court on basis that this Court has original jurisdiction under 28 U.S.C. § 1331 because the claims under the Electronic Funds Transfer Act arise under federal law and supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over the state law claims and Doe. After addressing the parties' discovery dispute regarding Doe's identity, the Magistrate Judge granted Plaintiff's motion to compel in part and ordered New Horizons to provide specific, limited information regarding Doe, her account, and the subject tax refund (doc. 13). Plaintiff and New Horizons reached a settlement and filed a joint stipulation of dismissal. New Horizons has been dismissed from this action. Doe is the sole remaining defendant.

B. Motion to Remand

Plaintiff moves the Court to remand this action so that she may pursue her claims of conversion and unjust enrichment against Jane Doe in state court. Plaintiff points out that the claims against New Horizons have been dismissed, and argues that with these claims dismissed, "there remains no basis for this Court's jurisdiction over this case" (doc. 16, p. 1). However, the Court does not lose subject matter jurisdiction because New Horizons has been dismissed. To the contrary, the Court may still exercise supplemental jurisdiction under 28 U.S.C. § 1367(a) over Doe and the remaining state law claims.

"To invoke supplemental jurisdiction, a claim must fall within the grant of jurisdiction under 28 U.S.C. § 1367(a). A claim will do so, in the statute's terms, if it is part of the same 'case or controversy' as the claim that invoked an independent basis of subject matter jurisdiction. …[C]ase law holds that this test requires that the supplemental claim share a

common nucleus of operative fact with the jurisdiction-invoking claim." 13D Fed. Prac. & Proc. Juris. § 3567.2 (3d ed.). The claims against New Horizons and Jane Doe meet this test. The claims arise from the alleged erroneous electronic funds transfer of Plaintiff's income tax return into Jane Doe's account at New Horizons. *See Gonzalez v. City of Hialeah*, - - - Fed. Appx. - - -, 2018 WL 3636848, at *1 (11th Cir. July 31, 2018) ("Because Plaintiff's state-law claims arose from the 'same nucleus of operative fact' as his federal claims, the district court had discretion to exercise supplemental jurisdiction over those claims and committed no error in determining that remand was unwarranted."). Thus, Plaintiff's motion to remand for lack of subject matter jurisdiction is due to be denied.

    C. Supplemental jurisdiction

    Pursuant to 28 U.S.C. § 13676(c),

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—
>
>     (1) the claim raises a novel or complex issue of State law,
>     (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>     (3) the district court has dismissed all claims over which it has original jurisdiction, or
>     (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C.A. § 1367(c).

    The Court finds it appropriate to decline to exercise supplemental jurisdiction because the claims over which the Court had original jurisdiction pursuant to the Electronic Funds Transfer Act have been dismissed. *See* 28 U.S.C. § 1367(c)(3); *Chambers v. Cherokee County*, - - - Fed. Appx. - - -, 2018 WL 3620474, at *3 (11th Cir. July 30, 2018) (finding that the "district court did not abuse its discretion when it declined to exercise supplemental jurisdiction over Chambers'

3

state-law claims" on basis that a "'district court has discretion to dismiss state-law claims when "all claims over which it has original jurisdiction" have been dismissed.'") (quoting *Crosby v. Paulk*, 187 F.3d 1339, 1352 (11th Cir. 1999) (citing 28 U.S.C. § 1367(c)(3)); s*ee Parker v. Scrap Metal Processors, Inc.,* 468 F.3d 733, 743 (11th Cir. 2006) ("Whenever a federal court has supplemental jurisdiction under section 1367(a), that jurisdiction should be exercised unless section 1367(b) or (c) applies."). Accordingly, this action is remanded *sua sponte* to the Circuit Court of Mobile County, Alabama.

    DONE and ORDERED this the 7th day of August 2018.

                                s/ Kristi K. DuBose
                                KRISTI K. DuBOSE
                                CHIEF UNITED STATES DISTRICT JUDGE